Franklin,
*April,*
1836.

Rice
*vs.*
Clark.

</div>

ANDREW RUBLEE *vs.* JASPER CHAFFEE *et al.*

<div style="text-align:right">

Franklin,
*April,*
1836.

</div>

If the defendant in a suit in chancery, brought to foreclose a mortgage, appears, claims that there is usury in the sum secured by the condition, has the same stricken out by the master in his report of the sum due, a decree passes for the sum actually due, and the orator takes possession of the premises mortgaged, he cannot maintain an action of ejectment against the orator in the bill, or those claiming under him, on the ground that the mortgage was void on account of the usury.

This was ejectment for land in Berkshire. The plaintiff having proved his possession and actual improvement of the land sued for, commencing about thirty years ago and continued by him, till within two or three years past, and having also proved the defendants, Chaffee and Goff, in possession at and previous to the commencement of the suit, and having given evidence tending to show that they then held as tenants under the defendant Childs, Chaffee being the immediate tenant and Goff holding under him, rested his case. The defendants read in evidence a mortgage deed of the premises from the plaintiff to Seneca Page, acknowledged and recorded May 1, 1828, conditioned for the payment of a promissory note for $500 and another for $178, together with said notes. They also gave in evidence the record and papers in a suit in chancery in this county in favor of Seneca Page against the plaintiff showing a foreclosure of said mortgage at the January term of said court 1831. They also offered in evidence a copy of a deed certified from the record from Page to the defendant Childs, dated Feb. 23d 1833 to which the plaintiff objected on the ground that the original deed should be presented, and said copy was therefore rejected. The defendants then offered to read in evidence a deed of the premises from said Seneca Page to the defendant Chaffee, dated October 8th 1834 to which the plaintiff objected, because it was executed after the suit was commenced;

Franklin,
April,
1836.
──────
Rublee
vs.
Chaffee.

but the court overruled the objection and admitted the deed.    The plaintiff introduced evidence tending to prove that the mortgage and notes were given for a pre-existing debt of the plaintiffs' son for which the plaintiff was holden as surety, and that at the time of their execution, it was required by Page and agreed to by plaintiff and son that six per cent interest on the amount of said notes, for the time they had to run over and above the interest reserved on them should be paid to said Page in advance, and that the same was accordingly paid by the plaintiff or his son.    The plaintiff contended that by reason of the usury aforesaid, if the jury should find the same, said mortgage deed and notes were inoperative and void —and that the plaintiff was entitled to recover back the land notwithstanding said foreclosure in chancery, for that the question of usury did not appear to have been adjudicated in that suit; but the court decided that the foreclosure of said mortgage and possession taken under it were to be regarded, for the purpose of this action as a payment of the notes and that the plaintiff could not now avail himself of the usury alleged, to defeat the title of the defendants. A verdict and judgment accordingly passed for the defendants ; to which decision the plaintiff excepted.    Exceptions allowed, and the cause was passed to the supreme court for revision.

Mr. *Smith* for plaintiff.
Messrs. *Smalley and Adams* for defendant.

The opinion of the court was delivered by

Williams, Ch. J.—It appears that the defendant in this case is in possession of the premises demanded under Seneca Page to whom the plaintiff conveyed the same by deed of mortgage.    The mortgage was foreclosed by a decree of the court of chancery in 1831.

The plaintiff now seeks to recover on his original title, and defeat the title of Seneca Page on the ground that the mortgage was void, as usurious, and this brings in question the effect of the decree in chancery.    Rublee the present plaintiff appeared in the suit in chancery, and was heard on the decree.

The object of a bill of foreclosure is to extinguish the equitable right of a mortgagor and to obtain a satisfaction of the debt secured by the mortgage.    It is competent for the defendant to deny the legal right of the complainant, and to avoid the security or mortgage.    After a decree of foreclosure a defendant in the suit in chancery should not be at liberty to impeach the legal title on any ground which would have been a good defence to the bill, brought to obtain the foreclosure.    The bill is founded on a legal

FRANKLIN,
*April,*
1836.

Rublee
*vs.*
Chaffee.

title, and as between the immediate parties to such bill and those claiming under them the decree must on this point be conclusive in the suit in chancery instituted by Seneca Page. Mr. Rublee the plaintiff in this suit appeared, consented to a decree that the bill should be taken as confessed, appeared before the master, exhibited his proof, as to the usury contained in the notes mentioned ; the master made his report thereon, a decree was made by the court expunging from the debt what were claimed or proved to be usurious, and a decree of foreclosure made for the residue. The plaintiff in this suit who was defendant in the suit in chancery, has therefore had an opportunity to contest the legality of the mortgage, and waived it by consenting to the decree that the bill should be taken as confessed, has claimed and had the benefit of having the usurious part of the debt expunged, and for the sum he justly owed, a decree has passed against him. This subject in relation to the legal title of the plaintiff must be considered as being once adjudicated upon by a court of competent jurisdiction.

Furthermore, by neglecting to pay the mortgage, he has been foreclosed of his equity of redemption. The effect of that proceeding is, that the orator therein Mr. Page took the land in satisfaction of the debt ascertained to be due. The plaintiff therefore cannot disturb him or those who claim under him in the possession of the land, which he obtained by virtue of, and holds under the decree. To permit this would render the proceedings to the bill in chancery nugatory and useless, as it would neither extinguish the legal, or equitable right of Mr. Rublee if he can again contest, the validity of the mortgage and the validity of the notes secured in the condition, notwithstanding the whole subject has once been before a court of competent jurisdiction. It appears by the master's report that Mr. Rublee was justly indebted to Mr. Page before executing the mortgage in a sum of money for which Page might have maintained an action, notwithstanding the security by mortgage was void. Mr. Page was by the plaintiff permitted to obtain a decree which with the possession under it, is declared to be a satisfaction of his whole debts due before as well as by the mortgage. The court consider the plaintiff is precluded from attempting to set aside the mortgage on the ground of usury.

The judgment of the county court must therefore be affirmed.